

# IN THE UNITED STATES DISTRICT COURT RECEIVED
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AUG 2 0 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

ALICIA VALDEZ-SANDOVAL,　　　　　　　　Civil Action File No.

    Plaintiff,

vs.

                            18cv5720
                            Judge Dow Jr
GUY'S CYCLE,                Mag. Judge Gilbert

    Defendant.

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, ALICIA VALDEZ-SANDOVAL, by and through herself and for her Complaint against the Defendant, GUYS CYCLE, states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of GUYS CYCLE, (hereinafter, GS), to include all its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of SMS, including but not limited to SMS, in negligently,

knowingly, and/or willfully contacting Plaintiff on her cellular telephone without his prior express consent within the meaning of the TCPA.

2. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*

3. "GS" has violated the TCPA by contacting the Plaintiff on her cellular telephone via an "automatic dialing system," as defined by 47 U.S.C § 227(a)(1), without prior express consent within the meaning of the TCPA.

## JURISDICTION & VENUE

4. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. section 1331.

## PARTIES

5. ALICIA VALDEZ-SANDOVAL, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Cook, state of Illinois.

6. GUYS CYCLE, (hereinafter, "Defendant"), is a motorcycle dealership with two addresses, on is Eagle Nest Drive, Chicago, Illinois 60417, and is a "person" as defined by 47 U.S.C. section 153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. Per findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…" It shall be unlawful for any

person within the United States or any person outside the United States if the recipient is within the United States—…"

## A BRIEF OVERVIEW OF TEXT MESSAGING

11. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

13. An "SMS message" is a text message call directed to a wireless device using the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

14. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text

message call they receive or incur a usage allocation deduction to their text plan, regardless of whether the message is authorized.

15. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six-digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

16. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message. The TCPA is a codification of a type of invasion of privacy. As Congress wrote in the Congressional findings in the TCPA, "[e]vidence compiled by the Congress indicates that … **telephone subscribers** consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." 47 U.S.C. 227, Congressional Findings ¶ 10

17. Text messages are "calls" within the purview of the TCPA. *See Satterfield v Simon & Schuster, Inc.*, 569 F.3d (9th Cir. 2009).

## **VICARIOUS LIABILITY**

18. The Federal Communications Commission (FCC) has issued a Declaratory ruling governing when a company is liable under the Telephone Consumer

Protection Act (TCPA), and FCC telemarketing and autodialing rules, for violations committed by a third party that the company authorizes to sell its goods or services but does not directly ask or otherwise engage in telemarketing, by holding that the company may be vicariously liable under federal common law principles of agency for TCPA violations that the third party commits.

19. The declaratory ruling clarifies that such a company, *i.e.*, the "seller" in TCPA parlance, is not directly liable unless it initiates the non-compliant call but may be vicariously liable "under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." The FCC recognized that a seller can concurrently be a telemarketer and thus be directly liable for non-compliant calls – *e.g.*, when it initiates a call on its own behalf, or when it is intrinsically involved in specific calls by third parties by, *e.g.*, giving them specific and comprehensive instructions as to calls' timing, manner, etc. However, beyond that, actions taken to benefit a seller by a third party, without more, do not trigger TCPA liability for the seller.

20. The FCC held, sellers may be liable for non-compliant conduct by third parties marketing the seller's goods or services, if the seller is aware of "ongoing conduct encompassing numerous acts" by the third party, and the seller fails to terminate the third party and/or promotes or "celebrates" the third party's conduct. In that

circumstance, the seller has the ability, through its authorization to the third party, to oversee the conduct, even if that supervisory power is unexercised. In such cases, liability is determined based on "general common law" agency-related principles, rather than the law of any state, though it is not limited to classical agency principles, but rather also includes apparent authority and ratification as bases for vicarious seller liability.

## ALLEGATIONS OF FACT

21. Alicia Valdez-Sandoval is the subscriber of cellular phone number (708) 305-3890. On or about the morning of May 11th, 2018, Plaintiff received an unsolicited text message from SMS code 313131 on her cellular phone number (708) 305-3890 from the Defendant. The text message stated, "Guy's Cycle: This Saturday Sale. 25% off Helmets. No sales tax on ALL Clothing. Leather Jackets, Gloves, Vest, etc. 3514 Eagle nest dr. Crete Il 708-225-1850" However, Plaintiff never opted in, nor gave the Defendant permission to contact her in the first place using prohibited equipment.

22. Due to similar solicitation calls and text messages, Plaintiff placed her cellular telephone number (708) 305-3890, on the national "Do-Not-Call" registry in February of 2018.

23. On or about June of 2018, Plaintiff sent the Defendant a "Intent to Sue" letter accompanied with a Complaint to the address listed above. The Defendant never

responded, and since Plaintiff didn't received any more text messages, she left it alone, and did not pursue any legal action.

24. Much to Plaintiffs' dismay, on July 24th, 2018 and July 25th, 2018, Plaintiff received the following two text messages from the Defendant's SMS code 313131: "(Guy's Cycle) This sat July 28 from 10-4 we are having an open house. 25% off all parts & special orders. Free shirt with purchase. Food, Music, Raffles & more". The second text message stated, "Guy's Cycle. Tomorrow from 10-4 we are having an open house. 25% off all parts & special orders. Free shirt with purchase. Food, Music, Raffles. 708-225-1820."

25. Plaintiff has never provided her cellular phone number to Defendant to contact him on behalf of Guy's Cycle, or given his prior express consent to be texted, whether on her own or on behalf of any third party. Plaintiff does not have a business relationship with the Defendant.

26. The Defendants blatant text messages to Plaintiffs cellular phone utilized "an automatic telephone dialing system" for non-emergency purposes and in the absence of the Plaintiff's prior express written consent violated 47 U.S.C. § 227(b)(1)(A).

27. Under the TCPA and pursuant to the FCC's January 2008 and July 2015 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express written consent within the meaning of the statue.

28. Plaintiff suffered harm and damages in the form of text message, data, and other charges to his cellular telephone plan.

## QUESTIONS OF LAW

29. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made text messages to Plaintiff's cellular telephone using an automatic telephone dialing system on behalf of Guy's Cycle;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

30. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

31. Without prior express consent, the Defendant texted Plaintiffs cellular phone 3 times (two of the text messages were willful) by means of an automatic telephone dialing system in violation of 47 U.S.C. section 227(b)(A)(iii).

32. Without prior express consent, the Defendant called Plaintiffs cellular phone by means of an automatic telephone dialing system in violation of 47 U.S.C. section 227(b)(A)(iii).

33. The text messages were made to Plaintiffs cellular phone without prior express written consent from the Plaintiff.

34. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

## PRAYER FOR RELIEF

a) As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each call-in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3);

b) An award of all fees and costs incurred by Plaintiff;

c) All other cost the Court sees justifiable under the law.

Respectfully submitted,

Alicia Valdez-Sandoval
809 Beloit Apt 2
Forest Park, Illinois 60130
aliciavaldezsandoval@outlook.com